## 36090.  RHODES v. THE STATE.

TOWNSEND, J.  1.  Where, as here, the defendant is living on premises in a field, the closest houses being 200 feet in one direction and 300 feet in another, separated by fences, and where the yard immediately contiguous to the house is kept clean, the children of the family playing therein, and the defendant's truck being parked on many occasions at approximately the point in question, which is 17 feet from the corner of the house in the driveway, evidence of police officers that at this point there was a little pile of chicken feathers (the surrounding area being "clean as the floor"), under which was an iron bolt, and that on pulling out the bolt they found a trap buried 12 to 14 inches in the ground, in size about 18 inches by 10 or 12 feet with an opening slightly larger than a gallon jug in the center; that this trap contained 8 gallon jugs of moonshine liquor, and another similar trap with 12 gallon jugs of moonshine whisky was found a few feet away, it cannot be contended that the testimony is insufficient because the officers also testified they did not know whether the defendant owned or rented the property or whether the liquor was on his property or not, it being obvious from the testimony that the officers were testifying as to their lack of knowledge as to the legal ownership of the property and were not

implying that the liquor might not be on premises under the immediate control and possession of the defendant. It appears from the testimony that the cache was located in the immediate yard used by the defendant, and there is no testimony that others also shared in this use. *Davis* v. *State*, 44 *Ga. App.* 273 (161 S. E. 274); *Christian* v. *State*, 52 *Ga. App.* 410 (183 S. E. 630); *Senior* v. *State*, 25 *Ga. App.* 541 (103 S. E. 730).

2. The testimony stated above, plus testimony of a witness that she had on a previous occasion sent to the defendant for whisky and procured the same was sufficient to sustain the verdict.

The trial court did not err in overruling the motion for a new trial on the general grounds.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 14, 1956—REHEARING DENIED MARCH 30, 1956.

*Stafford R. Brooke,* for plaintiff in error.
*Erwin Mitchell, Solicitor-General,* contra.